NO JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS RAMIREZ, | CASE NO. EDCV 19-108-R |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION TO REMAND |
| v. | |
| CHARTER COMMUNICATIONS, LLC; et al., | |
| Defendants. | |

Before the Court is Plaintiff's Motion to Remand, filed on February 15, 2019. (Dkt. No. 10). Having been thoroughly briefed by the parties, this Court took the matter under submission on March 13, 2019.

On October 30, 2018, Plaintiff Luis Ramirez ("Plaintiff") filed a complaint of discrimination against Defendants with the California Department of Fair Employment & Housing ("DFEH"). In his DFEH Complaint, Plaintiff named Defendants and Contreras, an employee of Defendants, as Respondents. The DFEH issued Plaintiff a Right-to-Sue Notice the same day that he filed his DFEH Complaint.

On November 9, 2018, Plaintiff filed the instant suit in California state court. The case was removed to the Central District of California on January 18, 2019 on the basis of diversity

jurisdiction. Plaintiff now seeks leave to amend the Complaint to add Contreras as a defendant, which would destroy diversity. Consequently, Plaintiff requests that the matter be remanded to state court.

Pursuant to Federal Rule of Civil Procedure 15(a), leave to amend a complaint after responsive pleading has been filed may be allowed by leave of court. Fed. R. Civ. P. 15(a). Although Rule 15(a) provides that "leave to amend shall be freely given when justice so requires, it is not to be granted automatically." *In re Western States Wholesale Natural Gas Antitrust Litigation*, 715 F.3d 716, 738 (9th Cir. 2013); *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002). Granting leave to amend rests in the sound discretion of the district court. *Pisciotta v. Teledyne Indus., Inc.*, 91 F.3d 1326, 1331 (9th Cir. 1996).

Courts have recognized that the usually liberal approach to amendment does not apply when a plaintiff amends its complaint after removal to add a diversity-destroying defendant. *See, e.g.*, *Greer v. Lockheed Martin*, 2010 WL 3168408, at *4 (N.D. Cal. Aug. 10, 2010). To apply Rule 15(a)'s permissive standard in this situation "would allow a plaintiff to improperly manipulate the forum of an action." *Clinco v. Roberts*, 41 F. Supp. 2d 1080, 1087 (C.D. Cal. 1999). Accordingly, when a plaintiff seeks to amend its complaint after removal to add a diversity-destroying defendant, courts in this district generally scrutinize the proposed amendment under 28 U.S.C. § 1447(e).

28 U.S.C. § 1447(e) states that "if after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." Whether to permit joinder of a party that will destroy diversity jurisdiction rests in the sound discretion of the Court. *Palestini v. General Dynamics Corp*, 193 F.R.D. 654, 658 (S.D. Cal. 2000) (citing *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 691 (9th Cir 1998)); *Clinco*, 41 F. Supp. 2d at 1082. "Courts generally consider the following factors when deciding whether to allow amendment to add non-diverse defendants: (1) whether the party sought to be joined is needed for just adjudication and would be joined under Federal Rule of Civil Procedure 19(a); (2) whether the statute of limitations would preclude an original action against the new defendants in state court; (3) whether there has been unexplained

delay in requesting joinder; (4) whether joinder is intended solely to defeat federal jurisdiction; (5) whether the claims against the new defendant appear valid; and (6) whether denial of joinder will prejudice the plaintiff." *IBC Aviation Servs v. Compania Mexicana De Aviacion*, 125 F. Supp. 2d 1008, 1011 (N.D. Cal. 2000) (citing *Palestini v. Gen. Dynamics Corp.*, 193 F.R.D. 654, 658 (S.D. Cal. 2000)). The Court will address these five factors in the order they are listed above.

First, Contreras is not a necessary party needed for just adjudication of this case. In determining whether an amendment that will destroy diversity should be permitted, courts consult the standard for joining parties set forth in Federal Rule of Civil Procedure 19(a). *See Clinco*, 41 F. Supp. 2d at 1081-82. Rule 19(a) "requires joinder of persons whose absence would preclude the grant of complete relief, or whose absence would impede their ability to protect their interests or would subject any of the parties to the danger of inconsistent obligations." *Clinco*, 41 F. Supp. 2d at 1082; Fed. R. Civ. P. 19(a). Joinder of non-diverse supervisors is not necessarily required in cases where the supervisors only acted within the scope of their employment. *See, e.g., Christopher v. Neiman Marcus Grp., LLC*, 2017 WL 374903, at *3 (C.D. Cal. Jan. 26, 2017) (doctrine of respondeat superior permits the court to "accord complete relief among existing parties" without the joinder of a non-diverse supervisor).

Here, Plaintiff seeks to add no new causes of action; rather, Plaintiff seeks to add Contreras as a Defendant on his cause of action for intentional infliction of emotional distress. The allegations against Contreras in the proposed First Amended Complaint ("FAC") are brief and solely concern actions taken by Contreras as a representative for his employer. Plaintiff fails to adequately explain how the Court may be unable to accord complete relief among the parties without the addition of Contreras. Accordingly, the first factor does not support Plaintiff's Motion to Remand.

Second, Plaintiff does not argue that a separate action against Contreras would be time-barred in state court. Plaintiff concedes that "[t]he two (2) year statute of limitations under [California] Code of Civil Procedure section 335.1 has not run as of the filing of the motion." Accordingly, the second factor does not support Plaintiff's Motion for Remand.

Third, "[w]hen determining whether to allow amendment to add a non-diverse party, courts

consider whether the amendment was attempted in a timely fashion." *Anyanwu v. Jaguar Land Rover N. Am., LLC*, 2015 WL 12860481, at *2 (C.D. Cal. June 8, 2015) (citing *Lopez v. Gen. Motors Corp.*, 697 F.2d 1328, 1332 (9th Cir. 1983)).

Here, Plaintiff initiated this action in California state court on November 9, 2018, and sought leave to amend fourteen weeks later, on February 15, 2019. While fourteen weeks is not an unreasonable length of time, Plaintiff was aware of the facts necessary to identify Contreras as a possible defendant at the outset of the litigation, if not earlier, yet he failed to do so. Thus, the third factor weighs against Plaintiff's Motion to Remand.

Fourth, "the motive of a plaintiff in seeking the joinder of an additional defendant is relevant to a trial court's decision to grant the plaintiff leave to amend his original complaint." *Desert Empire Bank v. Ins. Co. of N. America*, 623 F.2d 1371, 1376 (9th Cir. 1980). The Ninth Circuit has instructed that "a trial court should look with particular care at such motive in removal cases, when the presence of a new defendant will defeat the court's diversity jurisdiction and will require a remand to the state court." *Id.* In considering motive for joinder, "courts have inferred an improper motive where the plaintiff's proposed amended complaint contains only minor or insignificant changes to the original complaint." *San Jose Neurospine v. Cigna Health and Life Ins. Co.*, 2016 WL 7242139, at *10 (N.D. Cal. Dec. 15, 2016) (quoting *Forward-Rossi v. Jaguar Land Rover N. Am., LLC*, 2016 WL 3396925, at *4 (C.D. Cal. 2016)).

As discussed above, the original Complaint and proposed FAC are substantially similar, and Plaintiff seeks to add Contreras as a defendant solely on a single existing cause of action. Plaintiff's only explanation for why Contreras was not named as a defendant in the original Complaint is that it was an inadvertent mistake or oversight. Plaintiff was aware of Contreras' involvement in the circumstances giving rise to this lawsuit at the time the original Complaint was filed, if not earlier. Under these circumstances, "one could justifiably suspect that [Plaintiff's] amendment of the complaint was caused by the removal rather than an evolution of his case." *Clinco*, 41 F. Supp. 2d at 1083. Accordingly, the fourth factor weighs against remand.

Fifth, courts consider whether the claims proposed to be added appear meritorious. *See Id.* Here, Plaintiff may have a cause of action against Contreras for intentional infliction of emotional

distress. However, given the insignificance of the proposed allegations against Contreras relative to the rest of the Complaint, the proposed claim against him is not particularly strong. The fifth factor is neutral.

Sixth and finally, Plaintiff will not suffer any undue prejudice as a result of this Motion being denied because Plaintiff may still bring a suit against Contreras in state court should he so desire. Although judicial economy generally favors combining related claims and parties in a single suit, that is not necessarily the case where it appears the plaintiff is attempting to add a party in order to destroy diversity. Accordingly, the sixth factor does not support Plaintiff's Motion to Remand.

In sum, having considered the factors that apply to the § 1447(e) discretionary standard, this Court is persuaded that Plaintiff has attempted to improperly manipulate the forum of this action and, therefore, should not be permitted to amend the Complaint.

**IT IS HEREBY ORDERED** that Plaintiffs' Motion to Remand is DENIED. (Dkt. No. 10).

Dated: March 26, 2019.

_____
MANUEL L. REAL
UNITED STATES DISTRICT JUDGE